Jason BARNARD, Plaintiff–Appellant,

v.

U.S. GOVERNMENT, Defendant–
Appellee.

No. 14–55773.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed March 3, 2016.

Jason Barnard, Palm Springs, CA, pro se.

Assistant U.S. Attorney LA–CV, Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Jason Barnard appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a First Amendment claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte dismissal for failure to state a claim. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir.2008). We affirm.

The district court properly dismissed Barnard's action as frivolous because Barnard's claims lacked any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (a "frivolous" claim lacks an arguable basis either in law or in fact; the "term 'frivolous' ... embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir.1988) (court may sua sponte dismiss for failure to state a claim without notice or an opportunity to respond where plaintiff cannot possibly win relief). Moreover, Barnard failed to show that the United States has waived its sovereign immunity from suit. *See United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir.2011) (§ 1983 does not waive sovereign immunity).

**AFFIRMED.**

Jason BARNARD, Plaintiff–Appellant,

v.

U.S. GOVERNMENT, Defendant–
Appellee.

No. 14–55825.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 24, 2016.*

Filed March 3, 2016.

Jason Barnard, Palm Springs, CA, pro se.

Assistant U.S. Attorney LA–CV, Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Jason Barnard appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging an Eighth Amendment claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte dismissal for failure to state a claim. *Barrett v. Belleque,* 544 F.3d 1060, 1061 (9th Cir.2008). We affirm.

The district court properly dismissed Barnard's action as frivolous because Barnard's claims lacked any arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (a "frivolous" claim lacks an arguable basis either in law or in fact; the "term 'frivolous' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"); *see also Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir.1988) (court may sua sponte dismiss for failure to state a claim without notice or an opportunity to respond where

plaintiff cannot possibly win relief). Moreover, Barnard failed to show that the United States has waived its sovereign immunity from suit. *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Jachetta v. United States,* 653 F.3d 898, 904 (9th Cir.2011) (§ 1983 does not waive sovereign immunity).

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

